# F. C. McRAE v. KNOXVILLE FINANCE COMPANY.

Eastern Section. June 15, 1929.

Petition for Certiorari denied by Supreme Court, October 19, 1929.

A. Y. Burrows, of Knoxville, for appellant.
S. E. Hodges, of Knoxville, for appellee.

OWEN, J. Complainant's bill was dismissed and he has appealed. The defendants are the Knoxville Finance Company, Knoxville Purchasing Company, East Tennessee Loan Company and Rubye Hawk Mosby.

The bill alleged that the defendants operated as money lenders in Knoxville, Tennessee and that about February, 1920, complainant, who is a railroad trainman, applied to Rubye Hawk Mosby, who was the moving spirit in the Knoxville Finance Company, and also the other two defendants, for a loan of $30 which he received and that in February, 1926, he applied for an additional loan of $25. He alleged that Rubye Hawk Mosby was claiming that he owed her $85 and was trying to garnishee his wages for said amount; that he had paid all of his indebtedness to all of the defendants and that if he was garnished he would lose his job with the Southern Railway Company; that the defendants were violating the acts and provisions of the Act of 1925, governing money lenders.

Complainant prayed for and procured an injunction against all the defendants from annoying him (complainant) with their efforts to collect the claim that they had against him which he alleged was fraudulent and unjust. He also alleged that he had paid the defendants a large amount which had been illegally extorted

from him as interest and fees and that he be given a decree for the same.

The complainant filed an affidavit in which he stated that he was unable to execute a bond for costs or an injunction. Chancellor Robert M. Jones granted a fiat for an injunction without bond. The East Tennessee Loan Company answered, Rubye Hawk Mosby filed an answer. It appears that the other two concerns had gone out of business and left Knoxville, they made no appearance and had no interest in this litigation. The separate answers of the two defendants who did answer denied the material allegations of complainant's bill and made the following material averments in their answer:

That on the 2nd day of November, 1926, the complainant made an application for a loan of $110; that the complainant and his wife executed their promissory note to defendant for $111.50; that they executed one chattel mortgage in which complainant and his wife mortgaged one lot of household goods to secure said promissory note. That said note was payable in monthly installments of $5 each, the first installment falling due on December 2, 1926. That the complainant had never paid any part of said note; that he had paid the interest on the same up to November 2, 1927.

It appears that the bill in the instant case was filed November 10, 1927. The defendant denied that they were trying to collect their note by garnishment. The defendants also pleaded that the complainant had filed bankruptcy proceedings in the Federal court at Knoxville, Tennessee, in 1918, 1920 and 1925; that he had divested himself of all claims against defendants and that if he had any claim against the defendants the same would be vested in his trustee for the benefit of his creditors and said bankruptcy proceedings were plead as a bar against any claims the complainant assented against the defendants.

A large volume of proof was taken and at the final hearing the Chancellor dismissed complainant's bill. He excepted, prayed and perfected an appeal and has assigned four errors.

The first is, the Chancellor erred in dismissing complainant's bill.

Second, the Chancellor erred in holding and decreeing that the alleged $80 loan of August 12, 1926, was a loan and that this alleged loan was consolidated with another loan made about November 2, 1927, amounting to $111.50. Counsel has inadvertically stated November 2, 1927 for November 2, 1926.

Third, the Chancellor erred in holding that the items of 25 cents, for acknowledgment, and $1.25 for registration of the chattel mortgage for $111.50 charged to complainant was inadvertent-

ly done and that there was no intention of the East Tennessee Loan Company to violate the law; that there was shown a substantial compliance of the Money Lenders Act of 1925.

The fourth assignment is, that the Chancellor erred in not decreeing in favor of complainant and granting him the relief sought.

The appeal is controlled by the facts. The complainant insists that he never procured any $80 loan from the defendant, the East Tennessee Loan Company on August 12, 1926. The East Tennessee Loan Company issued a check to the complainant for $80 which Mrs. Rubye Mosby testified was a loan, complainant endorsed the check. His explanation is, that Mrs. Mosby wanted $80 sent him to the bank to get $80, thereupon he endorsed the check and procured the $80 for Mrs. Mosby who was the manager or bookkeeper for the East Tennessee Loan Company, however, the complainant signed a promissory note on the date of August 12, 1926, for $80 and this note was marked paid when he executed the note November 2, 1926. It appears that complainant's wife first signed the chattel mortgage on November 2, 1926, and procured $25 in cash from the defendant, East Tennessee Loan Company. When the $111.50 note was executed the $80 note dated August 12, 1926, was deducted out of the $111.50. Mrs. Mosby testified that there was $4.43 interest on the $80 note at the time it was cancelled. $1.25 was deducted for the purpose of recording the chattel mortgage and the $25.82 was delivered in money to Mrs. McRae, wife of the complainant; that she issued to Mrs. McRae a little pass book showing her name, address, date of loan, how it was to be paid and a copy of section 15 of the Money Lender's Act of 1925.

Complainant testified that the note for $111.50 was a forgery but he was confronted with the chattel mortgage which was executed to secure a note for $111.50 and which mortgage was recorded the 8th day of November, 1926.

Mrs. Mosby testified that she gave Mrs. McRae 25 cents to pay the notary for her acknowledgment. Mrs. McRae said she paid it. Section 13, chapter 153 of the Acts of 1925, known as the Money Lender's Act permits the money lender to charge lawful fees if any, actually and necessarily paid out to any public officer on any instrument securing the loan, which fees may be collected when the loan is made or any time thereafter. So the $1.25 charge for recording the instrument was a legal and proper charge against the complainant. We find that the complainant has failed by a preponderance of the evidence to sustain his bill or any part thereof. It results that all the assignments of error are overruled, the judgment of the lower court is affirmed. The complainant will pay the costs of the cause for which execution will issue. It appears that there is no appeal bond.

Heiskell and Senter, JJ., concur.